UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **BRIAN BURT** | **CIVIL ACTION NO. 3:14-cv-0443** |
|     **LA. DOC #493604** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **WARDEN KNIGHT, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Brian Burt, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on February 24, 2014. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (DOC).  He is incarcerated at the River Bend Detention Center(RBDC) in Lake Providence, Louisiana. He complains that other RBDC inmates have access to the "personal information" of plaintiff and other RBDC inmates.  In an amended complaint filed on April 2, 2014, he complained that corrections officers pass out medication, that there is no law library, that some of the corrections officers are convicted felons, and that the facility collects tax on items sold in the commissary.  He sued Warden Knight, Capt. Russell, the Louisiana DOC, and the Sheriff of Lake Providence. He prayed for compensation.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

*Background*

Plaintiff is a DOC inmate who is serving his sentence at the RBDC.  In his original

complaint he alleged "Inmates at [RBDC] that works for Warden Knight and Cpt. Russell are having assets (sic) to all inmates personal information as to social security number, family telephone numbers and also address that could be taken and used to commit crimes or used to do other criminal activities with. That's violating my rights because their (sic) invading my privacy." He also complained that he "put in a request to get protective custody and never got it, I'm scard (sic) for my life." He concluded by requesting compensation for allowing inmates to have access to personal information.

On April 2, 2014, he filed a "Motion of Attachment" in which he complained: (1) corrections officers and not nurses distribute medication; (2) there is no law library "so you cannot fight your case..."; (3) some corrections officers are convicted felons; and, (4) "they tax you at the store..."

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke*

*v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

*2. Standing*

Plaintiff has invoked the jurisdiction of this court and seeks redress pursuant to 42 U.S.C. §1983. That statute creates a cause of action against any person who, acting under color of state law, causes another to be deprived of a federally protected constitutional right. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); *Phillips v. Monroe County*, 311 F.3d 369, 373 (5th Cir.2002), *cert. denied*, 539 U.S. 914, 123 S.Ct. 2274, 156 L.Ed.2d 130 (2003).

Plaintiff's original complaint alleged only that some inmates have access to the personal information of other inmates and that this information could conceivably be used to commit a crime. The jurisdiction of a federal court may be invoked when a plaintiff has suffered some threatened or actual injury as a result of an allegedly unconstitutional action. The judicial powers given to federal courts under Article III of the United States Constitution exist only to redress or protect against injury to a complaining party. *Warth v. Seldin*, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).

Therefore, in order to have "standing" to bring a claim in a federal court, a plaintiff must allege actual or threatened "injury in fact, economic or otherwise." *Association of Data Processing Orgs. v. Camp*, 397 U.S. 150, 152, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970). "Standing defies precise definition, but at the least insists that the complained of injury be real and

3

immediate rather than conjectural, that the injury be traceable to the defendant's allegedly unlawful conduct, and that relief from the injury must be likely to follow from a favorable ruling." *Society of Separationists, Inc. v. Herman*, 959 F.2d 1283, 1285 (5th Cir.) (*en banc*), *cert. denied*, 506 U.S. 866, 113 S.Ct. 191, 121 L.Ed.2d 135 (1992). Plaintiff complained about a violation of his right to privacy; however, he has not alleged that he suffered any injury or harm as a result of the complained of incident; nor does he allege anything other than conjectural harm arising as a result of the defendants' fault.

Likewise, in his amended complaint, plaintiff claimed that corrections officers distribute medication and that some corrections officers are convicted felons. However, he alleged no injury or harm resulting therefrom. Since plaintiff sustained no identifiable injury as a result of the complained of circumstances, he lacks standing to sue under §1983 and his claim must be dismissed for failing to state a claim for which relief may be granted.

### 3. Access to Courts

Plaintiff implies that he is being denied his constitutionally protected right of access to the courts because the RBDC has no law library. "It has long been recognized that prisoners generally enjoy the constitutional right of access to the court." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir.1999). *See Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). The right of access to the court is not unlimited, however, and includes "only a reasonable opportunity to file non-frivolous legal claims challenging [the prisoners'] convictions or conditions of confinement." *Id.* (citing *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)). Put another way, "[w]hile the precise contours of a prisoner's right of access to the courts remain somewhat

obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d at 821; *Lewis v. Casey*, 518 U.S. at 351, 116 S.Ct. at 2179-81; *Norton v. Dimazana*, 122 F.3d at 290; and *Eason v. Thaler*, 73 F.3d 1322, 1329 (5th Cir.1996).

Plaintiff has not demonstrated that his ability to prepare and transmit necessary legal documents to the court have been curtailed. Furthermore, in order for him to state a claim that he was denied his constitutional right of access to the courts, he must also "demonstrate[ ] that his position as a litigant was prejudiced by his denial of access to the court." *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir.1996) (*per curiam*) (citing *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir.1993)). This requirement that a claimant show "actual injury" is "not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354. In other words, plaintiff, at the very least, must show that he was prevented from filing a non-frivolous pleading. Plaintiff has not alleged that his ability to litigate a non-frivolous claim has been thwarted because of deficiencies in the prison's law library. Plaintiff's access to courts claim is frivolous.

### *4. Sales Tax*

Finally, plaintiff complained that the RBDC commissary charges sales tax on items sold to inmates. He implies that this policy is unconstitutional but does not explain how he arrives at such a conclusion. To the extent that the policy described violates Louisiana Law, such a contention fails to state a claim for which relief may be granted. Section 1983 provides relief for invasions of rights protected under federal law. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 709, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1997). To establish liability under 42 U.S.C. § 1983, a civil rights plaintiff must establish two elements: (1) state

action, i.e., that the conduct complained of was committed under color of state law, and (2) a resulting violation of federal law, i.e., that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. See *Collins v. City of Harker Heights*, 503 U.S. 115, 120, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992); *Baker v. McCollan*, 443 U.S. 137, 142, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979); see also *Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir.2002). Plaintiff does not demonstrate a violation of the constitution or laws of the United States and therefore his claim must be dismissed as frivolous.

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted in accordance with the provisions of 28 U.S.C. §§ 1915 and 1915A.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

*See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana April 15, 2014.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**